**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG DIVISION**

THE CINCINNATI INSURANCE COMPANY,

      Plaintiff,

v.

BGSE GROUP, LLC, BRYAN BULLERDICK,
LUCKEY ENTERPRISES, LLC, INDUSTRIAL
MAINTENANCE SOLUTIONS, LLC, BRYAN
HENRY, and NOVA 1 PROPERTIES, LLC,

      Defendants.

> ELECTRONICALLY
> FILED
> May 09 2022
> U.S. DISTRICT COURT
> Northern District of WV

Civil Action No.: 1:22-cv-40 (Kleeh)

## COMPLAINT FOR DECLARATORY RELIEF

The Cincinnati Insurance Company ("CIC") by counsel, Charles K. Gould, Jason D. Bowles, and the law firm of Jenkins Fenstermaker, PLLC, pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, respectfully submits this Complaint requesting that the Court declare the rights and responsibilities of the parties relative to a contract of insurance issued by CIC to BGSE Group, LLC ("BGSE").

In support of its Complaint for Declaratory Relief, CIC states as follows:

## PARTIES

1.      CIC is an Ohio corporation engaged in the business of insurance, having a principal place of business at 6200 S. Gilmore Road, Fairfield, Ohio.

2.      BGSE is a North Carolina limited liability company with a principal office address of 14034 Clarendon Pointe Court, Huntersville, North Carolina.

3.      Upon information and belief, BGSE has one member, Defendant Bryan Bullerdick (sometimes referred to as "Bullerdick"), who is a North Carolina citizen.

4.      Upon information and belief, Defendant Luckey Enterprises, LLC ("Luckey" and together with BGSE and Bullerdick, sometimes referred to as "the BGSE Defendants") is a North Carolina limited liability company with its principal place of business at 14034 Clarendon Pointe Court, Huntersville, North Carolina.

5.      Upon information and belief, Luckey has two members, Defendant Bullerdick and Ashley Bullerdick. Like Defendant Bryan Bullerdick, Ashley Bullerdick is a North Carolina citizen.

6.      Upon information and belief, Defendant Industrial Maintenance Solutions, LLC ("IMS") is a West Virginia limited liability company with a principal place of business at 2519 Fairmont Road, Morgantown, West Virginia.

7.      Upon information and belief, IMS has three members, Defendant Bryan Henry (sometimes referred to as "Henry"), Larry Ellis, and Tammy Henry (f/k/a Tammy Rhodes), each of whom are domiciled in West Virginia.

8.      Upon information and belief, Defendant Nova 1 Properties, LLC ("Nova 1") is a West Virginia limited liability company with a principal place of business at 2519 Fairmont Road, Morgantown, West Virginia.

9.      Upon information and belief, Nova 1 has two members, Bryan Henry and Tammy Henry (f/k/a Tammy Rhodes).

## JURISDICTION AND VENUE

10.      This Court has jurisdiction to enter a declaratory judgment pursuant to 28 U.S.C. § 1332, in that the parties in the Complaint are of diverse citizenship, and the amount in controversy exceeds $75,000.00 exclusive of interest and attorneys' fees.

11.     This Court has jurisdiction to enter a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202, and Federal Rule of Civil Procedure 57.

12.     Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the events from which this action arises occurred within this District.

## UNDERLYING FACTS

13.     CIC issued Commercial General Liability Policy No. 05ENP0467016 to BGSE for the period of December 14, 2017 through December 14, 2020 ("the Policy").

14.     The Policy's limits of insurance for Commercial General Liability were $1,000,000.00 per occurrence (Coverage A – Bodily Injury and Property Damage Liability), $1,000,000.00 per one person or organization (Coverage B – Personal and Advertising Injury Liability), and $2,000,000.00 general aggregate. The Policy included umbrella coverage with additional limits of $5,000,000.00. A certified copy of the Policy is attached as Ex. A.

15.     BGSE holds itself out as an aviation supply, engineering, and contracting company.

16.     The BGSE Defendants have been sued by IMS in the Circuit Court of Monongalia County, West Virginia, Civil Action No. 21-C-371 ("the Underlying Lawsuit").  A copy of the Complaint from the Underlying Lawsuit is attached as Ex. B.

17.     IMS's lawsuit contends that BGSE misrepresented itself as a company with extensive experience in engineering and manufacturing aviation ground support equipment. According to the Underlying Lawsuit, BGSE depended entirely upon third-party contractors for its engineering, design and manufacturing of aviation equipment. The suit further alleges that BGSE, in turn, distributes the third-party products as its own. *See* Ex. B at ¶¶9-10.

18.     At some time in 2019, IMS claims that BGSE was pressured by both governmental and private customers to demonstrate that it was the true manufacturer of the aviation equipment

it sold. In an apparent effort to prove that it was the true manufacturer of the products it sold, BGSE and Bullerdick developed a plan to purchase the manufacturing division of IMS, including equipment and employees. *Id*. at ¶¶14-15.

19.    BGSE and IMS entered into an Asset Acquisition Agreement on May 18, 2020 whereby BGSE agreed to:

- Purchase certain IMS assets for the amount of $193,000.00;

- Hire all IMS employees;

- Lease a powder coating facility from Mr. Henry's real estate holdings company, Nova 1;

- Employ Mr. Henry for a guaranteed five-year term with a base salary of $80,000, a guaranteed $20,000 annual bonus, as well as benefits and commissions;

- Allow Mr. Henry to keep intellectual property developed solely by IMS;

- Purchase additional real property owned by Nova 1 through BGSE affiliate, Luckey; and

- Extend, at BGSE's sole cost, certain utilities and storm waterlines.

*Id*. at ¶¶16-21.

20.    Mr. Henry, IMS, and Nova 1 (collectively, the "Underlying Plaintiffs") now claim that the BGSE Defendants breached their agreement. The Underlying Lawsuit alleges that the BGSE Defendants:

- Failed to timely pay for equipment purchased by way of the Asset Acquisition Agreement;

- Failed to pay salary and bonuses to Henry as previously agreed;

- Attempted to unilaterally change Henry's duties and responsibilities;

- Impermissibly terminated Henry's employment prior to expiration of the five-year employment term;

- Defamed Henry and IMS;

- Broke a promise to pay $5,000 to Tammy Henry for use of a contractor's license;

- Misappropriated the intellectual property of IMS and Henry;

- Failed to perform the utility extensions;

- Failed to pay rent for the powder coating facility;

- Converted equipment and machinery of Henry and IMS;

- Failed to pay for rental equipment;

- Failed to return software developed and owned by Henry and IMS; and

- Failed to return additional software licensed to Henry and IMS.

*Id.* at ¶26.

21.     The Underlying Lawsuit alleges that the above delineated conduct was "intentional and calculated to induce Mr. Henry to enter into the Asset Acquisition so that BGSE and Bullerdick could represent to customers that BGSE was the true manufacturer of [aviation ground support equipment] when, in fact, it was IMS." *Id.* at ¶27.

22.     The Underlying Lawsuit advances eight causes of action: (1) breach of employment agreement; (2) breach of contract with regard to software licensure; (3) breach of contract with Tammy Henry; (4) fraudulent inducement; (5) misappropriation of intellectual property; (6) breach of contract with Nova 1; (7) breach of rental agreement; and (8) defamation. *Id.* at pp. 8-12.

23.     CIC seeks a determination as to its duty, if any, to defend and indemnify the BGSE Defendants for the claims asserted in the Underlying Lawsuit pursuant to the terms of the CIC Policy.

## COUNT I

### NORTH CAROLINA LAW GOVERNS POLICY INTERPRETATION

24.     CIC restates and incorporates the allegations set forth in Paragraphs 1-23 of this Complaint for Declaratory Relief.

25.     The Policy was issued in North Carolina to a North Carolina company through a North Carolina insurance agency. *See* Ex. A at IA 4443 04 14, IA 509 01 12.

26.     Accordingly, North Carolina law controls CIC's obligations under the Policy.

## COUNT II

### LUCKEY IS NOT AN INSURED UNDER THE POLICY

27.     CIC restates and incorporates the allegations set forth in Paragraphs 1-26 of this Complaint for Declaratory Relief.

28.     The Policy identifies only a single insured: BGSE.

29.     Luckey is not listed an insured in the policy declarations.

30.     Luckey does not maintain any relationship with BGSE such that it classifies as an insured under the Policy

31.     Moreover, there is no additional insured endorsement identifying Luckey as an additional insured under the Policy.

32.     Accordingly, CIC seeks a declaration from the Court that it has no duty to provide a defense or indemnification to Luckey in the Underlying Lawsuit.

## COUNT III

### ALLEGED LOSSES OCCURRED OUTSIDE OF THE POLICY PERIOD

33.     CIC restates and incorporates the allegations set forth in Paragraphs 1-32 of this Complaint for Declaratory Relief.

34.    CIC provided commercial general liability coverage to BGSE for a policy period beginning on December 14, 2017 and ending on December 14, 2020.

35.    While the Asset Purchase Agreement at issue was executed on May 18, 2020, the Underlying Lawsuit alleges breaches of the Agreement in May 2021.

36.    To the extent the Underlying Lawsuit alleges losses occurring after December 14, 2020, coverage is not afforded to BGSE under the Policy.

37.    Accordingly, CIC seeks a declaration from the Court that it has no duty to provide a defense or indemnification to BGSE for losses occurring outside of the applicable policy period.

## COUNT IV

### THERE HAS BEEN NO BODILY INJURY OR PROPERTY DAMAGE TO TRIGGER COVERAGE UNDER PART A OF THE POLICY

38.    CIC restates and incorporates the allegations set forth in Paragraphs 1-37 of this Complaint for Declaratory Relief.

39.    Coverage Part A of the Policy includes the following coverage grant:

*SECTION I - COVERAGES*

*COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

*1. Insuring Agreement*

    *a. We will pay those sums that the insured becomes legal obligation to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.*

Ex. A at GA 1010 12 04, p. 1.

40.    "Bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. *Id*. at p. 16 of 22.

41.    "Property damage" is defined by the Policy as follows:

*"Property damage" means:*

**a.**   *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

**b.**   *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

*For the purposes of this insurance, "electronic data" is not tangible property.*

Ex. A at GA 101 12 04, p. 20.

42.   The Underlying Lawsuit seeks to recover damages for loss of investment and loss of the use of money.

43.   Loss of investment and loss of the use of money do not constitute "bodily injury" within the meaning of the Policy.

44.   Loss of investment and loss of the use of money do not constitute "property damage" within the meaning of the Policy.

45.   Accordingly, CIC seeks a declaration from the Court that it has no duty to provide a defense or indemnification to any of the BGSE Defendants in the Underlying Lawsuit.

## COUNT V

### THERE HAS BEEN NO OCCURRENCE TO TRIGGER COVERAGE UNDER COVERAGE PART A OF THE POLICY

46.   CIC restates and incorporates the allegations set forth in Paragraphs 1-45 of this Complaint for Declaratory Relief.

47.   The Policy provides:

*SECTION I – COVERAGES*

*COVERAGE A.  BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

### 1.   Insuring Agreement

    **a.**   *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result . . .*

    **b.**   *This insurance applies to "bodily injury" and "property damage" only if:*

        **(1)**   *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

        **(2)**   *The "bodily injury" or "property damage" occurs during the policy period; and*

        **(3)**   *Prior to the "coverage term" in which "bodily injury" or "property damage" occurs, you did not know, per Paragraph **1.d** below, that the "bodily injury" or "property damage" had occurred or had begun to occur, in whole or in part.*

Ex. A at GA 101 12 04, p. 1.

48.     The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  *Id*. at p. 19.

49.     The conduct at issue in the Underlying Lawsuit relates to intentional actions on the part of BGSE and Bullerdick.

50.     The conduct at issue in the Underlying Lawsuit is not accidental, does not arise from unforeseen events, and is not the effect of an unknown cause or an unprecedented consequence of an unknown cause.

51.     The conduct at issue in the Underlying Lawsuit occurred by the will and/or design of the BGSE Defendants.

52.     Because the conduct at issue in the Underlying Lawsuit is not accidental but, instead, resulted from actions purposefully taken by the BGSE Defendants, the allegations stated against the BGSE Defendants do not come within the definition of "occurrence" under the Policy.

53.     Accordingly, CIC seeks a declaration from the Court that it has no duty to provide a defense or indemnification to any of the BGSE Defendants in the Underlying Lawsuit.

**COUNT VI**

**THE EXPECTED OR INTENDED INJURY EXCLUSION PRECLUDES COVERAGE
UNDER PART A OF THE POLICY**

54.     CIC restates and incorporates the allegations set forth in Paragraphs 1-53 of this Complaint for Declaratory Relief.

55.     The Policy excludes coverage for expected or intentional injury as follows:

> **2.** *Exclusions*
>
> *This insurance does not apply to:*
>
> **a.   *Expected Or Intended Injury***
>
> *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

Ex. A at GA 101 12 04, p. 2.

56.     Claims for breach of employment agreement, breach of contract, fraudulent inducement, misappropriation of intellectual property, and defamation each arise from intentional actions on the part of BGSE.

57.     The Underlying Lawsuit specifically alleges that BGSE's conduct was "intentional and calculated." *See* Ex. B at ¶27.

58.     The damages claimed in the Underlying Lawsuit are the expected result of BGSE's alleged intentional conduct.

59.     Insurance coverage for the Underlying Lawsuit is therefore excluded pursuant to the plain terms of the "Expected or Intended Injury" Exclusion.

60.     Accordingly, CIC seeks a declaration from the Court that it has no duty to provide a defense or indemnification to the BGSE Defendants in the Underlying Lawsuit.

## COUNT VII

### THE CONTRACTUAL LIABILITY EXCLUSION PRECLUDES COVERAGE UNDER PART A OF THE POLICY

61.     CIC restates and incorporates the allegations set forth in Paragraphs 1-60 of this Complaint for Declaratory Relief.

62.     The Policy excludes coverage for contractual liability as follows:

> **2.     Exclusions**
> This insurance does not apply to:
> . . .
> **b.     Contractual Liability**
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>> **(1)** That the insured would have in the absence of the contract or agreement;
>>
>> **(2)** Assumed in a contract or agreement that is an "insured contract", provided that the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. When a claim for such "bodily injury" or "property damage" is made, we will defend that claim provided the insured has assumed the obligation to defend such claim in

*the "insured contract".  Such defense payments*
*will not reduce the limits of insurance.*

Ex. A at GA 101 12 04, p. 2.

63.     To the extent that the Underlying Lawsuit asserts claims for damages arising out of
an alleged breach of contract, the contractual liability exclusion to Coverage Part A operates to
preclude coverage.

64.     Accordingly, CIC seeks a declaration from the Court that it has no duty to provide
a defense or indemnification to the BGSE Defendants in the Underlying Lawsuit.

## COUNT VIII

### THE ELECTRONIC DATA EXCLUSION PRECLUDES COVERAGE
### UNDER PART A OF THE POLICY

65.     CIC restates and incorporates the allegations set forth in Paragraphs 1-64 of this
Complaint for Declaratory Relief.

66.     The Policy excludes from coverage "damages arising out of the loss of, loss of use
of, damage to, corruption of, inability to access or inability to manipulate 'electronic data.'" *See*
Ex. A at GA 101 12 04, p. 7.

67.     "Electronic data" is defined by the Policy as "information, facts or programs stored
as or on, created or used on, or transmitted to or from computer software, including systems and
applications software, hard or floppy disks, CD-ROMs, tapes, drivees, cells, data processing
devices or any other media which are used with electronically controlled equipment." *Id*. at p. 17.

68.     The Underlying Lawsuit seeks to recover damages for BGSE's alleged unlawful
withholding of software developed by IMS and software licensed to IMS.

69.     The allegations fall within the purview of the Electronic Data Exclusion as set forth
by Coverage Part A of the Policy.

70.     Accordingly, CIC seeks a declaration from the Court that it has no duty to provide a defense or indemnification to the BGSE Defendants in the Underlying Lawsuit.

## COUNT IX

### THE KNOWING VIOLATION OF RIGHTS OF ANOTHER EXCLUSION PRECLUDES COVERAGE UNDER PART B OF THE POLICY

71.     CIC restates and incorporates the allegations set forth in Paragraphs 1-70 of this Complaint for Declaratory Relief.

72.     Coverage Part B of the Policy excludes coverage for knowing violations of the rights of another as follows:

> *2.*     *Exclusions*
>
> *This insurance does not apply to:*
>
> *. . .*
>
> *a.*     *Knowing Violation of Rights of Another*
>
>> *"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".*

Ex. A at GA 101 12 04, p. 8.

73.     The Underlying Lawsuit alleges that Bullerdick published knowingly false and defamatory statements concerning Henry and IMS to third parties.

74.     The Underlying Lawsuit further alleges that Bullerdick knew the statements were false and defamatory, yet published them "with the intent to injur[e] Bryan Henry's and IMS's integrity, honesty and reputation and to subject them to public ridicule or contempt." *See* Ex. B at ¶80.

75.     To the extent the Underlying Lawsuit relates to alleged statements known to be defamatory and in violation of Henry and IMS's rights, the "Knowing Violation of Rights of Another" Exclusion expressly bars coverage.

76.     Accordingly, CIC seeks a declaration from the Court that it has no duty to provide a defense or indemnification to the BGSE Defendants in the Underlying Lawsuit.

## COUNT X

### THE MATERIAL PUBLISHED WITH KNOWLEDGE OF FALSITY EXCLUSION PRECLUDES COVERAGE UNDER PART B OF THE POLICY

77.     CIC restates and incorporates the allegations set forth in Paragraphs 1-76 of this Complaint for Declaratory Relief.

78.     Coverage Part B of the Policy excludes coverage for publication of knowingly false material as follows:

> *2.      **Exclusions***
>
> *This insurance does not apply to:*
>
> *. . .*
>
> *b.      **Material Published with Knowledge of Falsity***
>
>> *"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.*

Ex. A at GA 101 12 04, p. 8.

79.     The Underlying Lawsuit alleges that Bullerdick published false and defamatory statements concerning Henry and IMS to third parties.

80.     The Underlying Lawsuit further alleges that Bullerdick knew the statements were false and defamatory, yet published them "with the intent to injur[e] Bryan Henry's and IMS's

integrity, honesty and reputation and to subject them to public ridicule or contempt." *See* Ex. B at ¶80.

81.     To the extent the Underlying Lawsuit relates to Bullerdick's alleged malicious publication of defamatory statements, the "Material Published with Knowledge of Falsity" Exclusion expressly bars coverage.

82.     Accordingly, CIC seeks a declaration from the Court that it has no duty to provide a defense or indemnification to the BGSE Defendants in the Underlying Lawsuit.

## COUNT XI

### THE CONTRACTUAL LIABILITY AND BREACH OF CONTRACT EXCLUSIONS PRECLUDE COVERAGE UNDER PART B OF THE POLICY

83.     CIC restates and incorporates the allegations set forth in Paragraphs 1-82 of this Complaint for Declaratory Relief.

84.     Coverage Part B excludes coverage for contractual liability and breach of contract as follows:

> *2.     **Exclusions***
>
> *This insurance does not apply to:*
>
> *. . .*
>
> *e.     **Contractual Liability***
>
> > *"Personal and Advertising Injury" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:*
> >
> > *(1) That the insured would have in the absence of the contract or agreement; or*
> >
> > *(2) Assumed in a contract or agreement that is an "insured contract", provided that the "bodily*

> *injury" or "property damage" occurs subsequent to the execution of the contract or agreement. When a claim for such "bodily injury" or "property damage" is made, we will defend that claim provided the insured has assumed the obligation to defend such claim in the "insured contract". Such defense payments will not reduce the limits of insurance.*

**f.      Breach of Contract**

> *"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising injury in your "advertisement."*

Ex. A at GA 101 12 04, p. 8.

85.      To the extent that the Underlying Lawsuit asserts claims for damages arising out of BGSE's contractual obligations and purported contractual breach, the contractual liability and breach of contract exclusions to Coverage Part B operate to preclude coverage.

86.      Accordingly, CIC seeks a declaration from the Court that it has no duty to provide defense or indemnification to the BGSE Defendants in the Underlying Lawsuit.

## COUNT XII

### THE TRADE SECRET INFRINGEMENT EXCLUSION PRECLUDES COVERAGE UNDER PART B OF THE POLICY

87.      CIC restates and incorporates the allegations set forth in Paragraphs 1-86 of this Complaint for Declaratory Relief.

88.      Coverage Part B excludes coverage for infringement upon copyrights, patents, trademarks, or trade secrets as follows:

> **2.      Exclusions**
>
> *This insurance does not apply to:*
>
> *. . .*

> ### 15.   *Infringement of Copyright, Patent, Trademark or Trade Secret*
>
> *"Personal and advertising injury":*
>
> a. *Arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.*

Ex. A at GA 101 12 04, p. 9.

89.   The Underlying Lawsuit alleges that the BGSE Defendants misappropriated the intellectual property of IMS and Henry and failed to return software developed and owned by Henry and IMS.  *See* Ex. B at ¶26.

90.   To the extent the Underlying Lawsuit advances claims relating to infringement upon intellectual property rights, the trade secret infringement exclusion to Coverage Part B operates to preclude coverage.

91.   Accordingly, CIC seeks a declaration from the Court that it has no duty to provide defense or indemnification to the BGSE Defendants in the Underlying Lawsuit.

## COUNT XIII

### THE EMPLOYMENT-RELATED PRACTICES EXCLUSION PRECLUDES COVERAGE UNDER PART B OF THE POLICY

92.   CIC restates and incorporates the allegations set forth in Paragraphs 1-91 of this Complaint for Declaratory Relief.

93.   Coverage Part B of the Policy excludes coverage for employment-related practices as follows:

> ### 2. Exclusions
>
> *This insurance does not apply to:*
>
> . . .

> ### m.    *Employment Related Practices*
>
> *"Personal and advertising injury" to:*
>
> *(1) A person arising out of any:*
>
> > *(a) Refusal to employ that person;*
> >
> > *(b) Termination of that person's employment; or*
> >
> > *(c) Other employment-related practices, policies, act or omissions including but not limited to coercion, criticism, demotion, evaluation, failure to promote, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person[.]*

Ex. A at GA 101 12 04, p. 9.

94.    The Underlying Lawsuit alleges that Bullerdick's purported defamatory statements arose out of Henry's employment with BGSE.

95.    The purported defamatory statements are alleged to have been intentional and deliberately made to cause injury to Henry.

96.    Coverage Part B's "Employment-Related Practices" Exclusion expressly bars coverage for defamation and damages arising out of BGSE's employment-related practices.

97.    Accordingly, CIC seeks a declaration from the Court that it has no duty to provide a defense or indemnification to the BGSE Defendants in the Underlying Lawsuit.

## COUNT XIV

### THE BREACH OF CONTRACT EXCLUSION PRECLUDES COVERAGE UNDER THE UMBRELLA POLICY

98.    CIC restates and incorporates the allegations set forth in Paragraphs 1-97 of this Complaint for Declaratory Relief.

99.    The umbrella policy excludes coverage for breach of contract as follows:

### B.    *Exclusions*

*This insurance does not apply to:*

*. . .*

**2.      Breach of Contract, Failure to Perform, Wrong Description and Violation of Another's Rights**

*"Personal and advertising injury":*

*a.      Arising out of breach of contract, except an implied contract to use another's advertising idea in your "advertisement";*

*b.      Arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement;*

*c.      Arising out of the wrong description of the price of goods, products or services stated in your "advertisement"; or*

*d.      Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".*

Ex. A at US 101 UM 12 04, p. 4.

100.    As more fully detailed above, the Underlying Lawsuit arises from BGSE's alleged breach of an Asset Acquisition Agreement and, in turn, its alleged violation of the Underlying Plaintiffs' contractual rights.

101.    The umbrella policy's "Breach of Contract, Failure to Perform, Wrong Description and Violation of Another's Rights" exclusion applies to bar coverage for the Underlying Plaintiffs' claims.

102.    Accordingly, CIC seeks a declaration from the Court that coverage for the Underlying Lawsuit is excluded under the umbrella policy.

## COUNT XV

### THE CONTRACTUAL LIABILITY EXCLUSION PRECLUDES COVERAGE UNDER THE UMBRELLA POLICY

103.    CIC restates and incorporates the allegations set forth in Paragraphs 1-102 of this Complaint for Declaratory Relief.

104.    The umbrella policy excludes coverage for contractual liability as follows:

**B.    Exclusions**

*This insurance does not apply to:*

*. . .*

**3.    Contractual Liability**

*Any liability for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for "bodily injury", "personal and advertising injury" or "property damage":*

*(1) That the insured would have in the absence of the contract or agreement; or*

*(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury", "personal and advertising injury", or "property damage" occurs subsequent to the execution of the contract or agreement.*

Ex. A at US 101 UM 12 04, p. 4.

105.    To the extent that the Underlying Lawsuit alleges that BGSE's liability arises out of its breach of certain contracts, the above-described exclusion operates to preclude coverage.

106.    Accordingly, CIC seeks a declaration from the Court that coverage for the Underlying Lawsuit is excluded under the umbrella policy.

## COUNT XVI

### THE ELECTRONIC DATA EXCLUSION PRECLUDES COVERAGE UNDER THE UMBRELLA POLICY

107.    CIC restates and incorporates the allegations set forth in Paragraphs 1-106 of this Complaint for Declaratory Relief.

108.    The umbrella policy excludes from coverage "damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access or inability to manipulate 'electronic data.'" *See* Ex. A at US 101 UM 12 04, p. 5.

109.    "Electronic data" is defined by the umbrella policy as "information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drivees, cells, data processing devices or any other media which are used with electronically controlled equipment. *Id*. at p. 16.

110.    The Underlying Lawsuit seeks to recover damages for BGSE's alleged unlawful withholding of software developed by IMS and software licensed to IMS.

111.    The allegations fall within the purview of the Electronic Data Exclusion as set forth by the umbrella policy.

112.    Accordingly, CIC seeks a declaration from the Court that coverage for the Underlying Lawsuit is excluded under the umbrella policy.

## COUNT XVII

### THE EMPLOYMENT-RELATED PRACTICES EXCLUSION PRECLUDES COVERAGE UNDER THE UMBRELLA POLICY

113.    CIC restates and incorporates the allegations set forth in Paragraphs 1-112 of this Complaint for Declaratory Relief.

114.    The umbrella policy excludes coverage for employment-related practices as follows:

> **B.  Exclusions**
>
> *This insurance does not apply to:*
>
> *. . .*
>
> **12.    *Employment Related Practices***
>
> *Any liability arising from any injury to:*
>
> *(2)  A person arising out of any:*
>
> > *(d)  Refusal to employ that person;*
> >
> > *(e)  Termination of that person's employment; or*
> >
> > *(f)  Other employment-related practices, policies, act or omissions including but not limited to coercion, criticism, demotion, evaluation, failure to promote, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person[.]*

Ex. A at US 101 UM 12 04, p. 5.

115.    The Underlying Lawsuit alleges that Bullerdick's purported defamatory statements arose out of Henry's employment with BGSE.

116.    The purported defamatory statements are alleged to have been intentional and deliberately made to cause injury to Henry.

117.    The umbrella policy's "Employment-Related Practices" Exclusion expressly bars coverage for defamation and damages arising out of BGSE's employment-related practices.

118.    Accordingly, CIC seeks a declaration from the Court that coverage for the Underlying Lawsuit is excluded under the umbrella policy.

## COUNT XVIII

### THE EXPECTED OR INTENDED INJURY EXCLUSION PRECLUDES COVERAGE UNDER THE UMBRELLA POLICY

119.    CIC restates and incorporates the allegations set forth in Paragraphs 1-118 of this Complaint for Declaratory Relief.

120.    The umbrella policy excludes coverage for expected or intended injury as follows:

**B.    Exclusions**

*This insurance does not apply to:*

*. . .*

***13.    Expected or Intended Injury***

*"Bodily injury" or "property damage" which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually intended or expected.*

*However, this exclusion does not apply to:*

***a.*** *"Bodily injury" resulting from the use of reasonable force to protect persons or property; or*

***b.*** *"Bodily injury" or "property damage" resulting from the use of reasonable force to prevent or eliminate danger in operation of "autos" or watercraft.*

Ex. A at US 101 UM 12 04, p. 5.

121.    As set forth above, claims for breach of employment agreement, breach of contract, fraudulent inducement, misappropriation of intellectual property, and defamation each arise from intentional actions on the part of BGSE.

122.    The Underlying Lawsuit specifically alleges that BGSE's conduct was "intentional and calculated." *See* Ex. B at ¶27.

123.   Coverage under the umbrella policy is therefore excluded pursuant to the terms of the "Expected or Intended Injury Exclusion."

124.   Accordingly, CIC seeks a declaration from the Court that coverage is not triggered under the umbrella policy.

## COUNT XIX

### THE FALSE PUBLICATION EXCLUSION PRECLUDES COVERAGE UNDER THE UMBRELLA POLICY

125.   CIC restates and incorporates the allegations set forth in Paragraphs 1-124 of this Complaint for Declaratory Relief.

126.   The umbrella policy excludes coverage for publication of material the insured knows is false:

> **B.     Exclusions**
>
> *This insurance does not apply to:*
>
> *. . .*
>
> **14.    Falsity, Prior Publication, Criminal Act and Media and Internet Type Businesses**
>
> *"Personal and advertising injury":*
>
>> *b. Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity[.]*

Ex A at US 101 UM 12 04, p. 6.

127.   The Underlying Lawsuit alleges that Bullerdick published false and defamatory statements concerning Henry and IMS to third parties.

128.   The Underlying Lawsuit further alleges that Bullerdick knew the statements were false and defamatory yet published them "with the intent to injur[e] Bryan Henry's and IMS's

24

integrity, honesty and reputation and to subject them to public ridicule or contempt. *See* Ex. B at ¶80.

129.    To the extent the Underlying Lawsuit relates to Bullerdick's alleged malicious publication of defamatory statements, the umbrella policy's falsity and prior publication exclusion expressly bars coverage.

130.    Accordingly, CIC seeks a declaration from the Court that coverage for Underlying Lawsuit is excluded under the umbrella policy.

## COUNT XX

### THE TRADE SECRET INFRINGEMENT EXCLUSION PRECLUDES COVERAGE UNDER THE UMBRELLA POLICY

131.    CIC restates and incorporates the allegations set forth in Paragraphs 1-130 of this Complaint for Declaratory Relief.

132.    The umbrella policy excludes coverage for infringement upon copyrights, patents, trademarks, or trade secrets as follows:

> **B.    Exclusions**
>
> *This insurance does not apply to:*
>
> . . .
>
> **15.    Infringement of Copyright, Patent, Trademark or Trade Secret**
>
> *"Personal and advertising injury":*
>
> > c.  *Arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.*

Ex. A at US 101 UM 12 04, p. 6.

133.    The Underlying Lawsuit alleges that the BGSE Defendants misappropriated the intellectual property of IMS and Henry and failed to return software developed and owned by Henry and IMS.  *See* Ex. B at ¶26.

134.    To the extent the Underlying Lawsuit advances claims relating to infringement upon intellectual property rights, the umbrella policy's trade secret infringement exclusion expressly bars coverage.

135.    Accordingly, CIC seeks a declaration from the Court that coverage for Underlying Lawsuit is excluded under the umbrella policy.

## PRAYER FOR RELIEF

WHEREFORE, The Cincinnati Insurance Company seeks a declaration that it has no duty to provide a defense or indemnity to BGSE Group, LLC, Bryan Bullerdick, and/or Luckey Enterprises, LLC for the claims asserted in Civil Action No. 21-C-371 currently pending in the Circuit Court of Monongalia County, West Virginia, and for such further relief as this Court deems proper.

**THE CINCINNATI INSURANCE COMPANY**

**By Counsel**

/s/ Jason D. Bowles
Charles K Gould, Esquire (WVSB #7049)
Jason D. Bowles, Esquire (WVSB #12091)
**JENKINS FENSTERMAKER, PLLC**
Post Office Box 2688
Huntington, West Virginia 25726-2688
Telephone:  (304) 523-2100
Fax:  (304) 523-2347
CKG@JenkinsFenstermaker.com
JDB@JenkinsFenstermaker.com