```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**THE CINCINNATI INSURANCE COMPANY,**

    **Plaintiff,**

v.                                  CIVIL ACTION NO. 1:22-CV-40
                                          (KLEEH)

**BGSE GROUP, LLC, BRYAN BULLERDICK, LUCKEY ENTERPRISES, LLC, INDUSTRIAL MAINTENANCE SOLUTIONS, LLC, BRYAN HENRY, and NOVA 1 PROPERTIES, LLC,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Cincinnati Insurance Company's ("CIC") Motion for Summary Judgment [ECF No. 36]. For the reasons stated herein, the Court **GRANTS** the motion for summary judgment and **DECLARES** that CIC has no duty to defend or indemnify BGSE Group, LLC, Bryan Bullerdick, and Luckey Enterprises, LLC, ("BGSE Defendants") in the Underlying Lawsuit.

### I.   PROCEDURAL HISTORY

CIC filed a complaint for declaratory relief on May 9, 2022. ECF No. 1, Compl. On July 18, 2022, CIC moved for entry of default against Defendants Industrial Maintenance Solutions, LLC ("IMS"), Bryan Henry, and NOVA 1 Properties, LLC ("NOVA 1") [ECF No. 17]; however, IMS, Bryan Henry, and NOVA 1, by counsel, answered the complaint and the motion was denied. [ECF Nos. 22, 35].

**Cincinnati Insurance Company v. BGSE Group, LLC, et al. 1:22cv40**

MEMORANDUM OPINION AND ORDER

The parties engaged in discovery and CIC filed its motion for summary judgment on January 5, 2023. ECF No. 36. One day later, BGSE Group, LLC ("BGSE") filed a petition in the United States Bankruptcy Court for the Western District of North Carolina for relief under Chapter 11 of Title 11 of the United States Code. ECF No. 38. The filing of the bankruptcy petition resulted in an automatic stay of this action on January 6, 2023. ECF No. 39. BGSE was directed to submit quarterly status reports. ECF No. 39.

On July 10, 2023, CIC filed a motion for entry of briefing schedule and attached a consent order from the bankruptcy court that indicated the automatic stay pursuant to 11 U.S.C. § 362(a) should be lifted on a limited basis. ECF No. 40. On July 24, 2023, the Court lifted the stay on the limited basis proscribed by the Bankruptcy Court, namely, to rule upon the pending Motion for Summary Judgment [ECF No. 36]. ECF No. 43. The Court also entered a briefing schedule pursuant to the parties' request. ECF Nos. 40, 44. No party filed a response to the motion for summary judgment. The motion remains unopposed.

On July 25, 2023, counsel for the BGSE Defendants moved to withdraw as counsel and it was granted. ECF Nos. 45, 46. The Court directed the BGSE Defendants to "obtain counsel or otherwise notify the court of their intentions" within 30 days of the order. ECF

2

No. 46. 30 days having passed, no such filing or indication has been made.

## II. FACTS

### A. The Underlying Lawsuit and Complaint [1:22CV12, ECF No. 4]

In the December 27, 2021, Verified Complaint, IMS, Bryan S. Henry, NOVA 1, and Tammy Henry (collectively "Underlying Plaintiffs"), allege breach of contract, fraudulent inducement, misappropriation of intellectual property, and defamation claims against Defendants BGSE Group, LLC, Luckey Enterprises, LLC, and Bryan Bullerdick. 1:22CV12, ECF No. 4, Compl. ¶¶ 37-81.

IMS is an aviation ground support equipment ("AGSE") manufacturer for entities including BGSE. 1:22CV12, ECF No. 4, Compl. ¶ 1. Bryan Henry is the founder of IMS and NOVA 1, president of IMS, and husband of Tammy Henry. Id. ¶¶ 2-4. NOVA 1 is affiliated with IMS with respect to real estate transactions. Id. ¶ 3. Tammy Henry is an officer of IMS. Id. ¶ 4.

BGSE is a limited liability company organized under the laws of North Carolina and a principal place of business located in Huntersville, North Carolina. Id. ¶ 5. Bryan Bullerdick is the owner of BGSE and founder of Luckey Enterprises, LLC. Id. ¶¶ 6-7. Luckey Enterprises engages in the purchasing and selling of real estate. Id. ¶ 7. IMS acted as BGSE's principal manufacturer for

3

AGSE; the two entities have contracted together since 2017. Id. ¶ 8. BGSE "depended entirely on third-party contractors, including IMS, for engineering, design and manufacturing capabilities" prior to its Asset Acquisition of IMS's AGSE division. Id. ¶ 9.

BGSE and Bullerdick schemed to "purchase the manufacturing division of IMS for AGSE, including, but not limited to IMS's equipment and employees, so that it could represent and demonstrate to customers that it was the true manufacturer of its AGSE." Id. ¶ 14. BGSE and Bullerdick made their offer of proposal to the IMS manufacturing division for AGSE. Id. ¶ 15. Bryan Henry counter offered

> that BGSE 1) purchase certain IMS equipment, 2) hire IMS employees at certain hourly rates, 3) rent certain equipment at IMS's facility in Morgantown, West Virginia, and 4) hire Bryan Henry as the General Manager of the new manufacturing division for AGSE at a salary of $100,000 per year and for a guaranteed five (5) year period.

Id. ¶ 16. On May 18, 2020, BGSE and IMS reached an agreement called "Asset Acquisition" in which

> BGSE agreed to [1] purchase the manufacturing division of IMS for aviation ground support equipment[;] . . . [2] purchase certain assets of IMS for the purchase price of $193,000.00[;] . . . [3] hire all IMS

4

> employees[;] . . . [4] lease a powder coating facility from Nova 1 [;] [and 5] hire Bryan S. Henry as General Manager of the manufacturing division of BGSE, for a guaranteed five (5) year term for a base salary of $80,000 per year, a guaranteed annual bonus of $20,000 per year, BGSE benefits plans, and a commission/bonus plan.

Id. ¶¶ 16-21.

BGSE also agreed that Bryan Henry could still operate IMS and that any intellectual property developed solely by IMS would remain IMS's. Id. ¶ 22. BGSE agreed to purchase real property through Luckey Enterprise, an affiliate of Nova 1, which would be the new site of BGSE's manufacturing division. Id. ¶ 23.

It is on these facts that Underlying Plaintiffs allege BGSE Defendants breached various agreements by failing to pay certain bills and employees, terminating Bryan Henry in bad faith, defaming Bryan Henry and IMS to third parties, misappropriating certain intellectual property of IMS, converting certain property, and formulating a "scheme to fraudulently induce Bryan Henry and IMS to sell its manufacturing division for AGSE." Id. ¶ 28. Underlying Plaintiffs' evidence supporting their fraudulent inducement scheme includes that Bullerdick and BGSE did not have the funds and resources to pay Bryan Henry as agreed in the Asset Acquisition. Id. Indeed, "BGSE failed to timely pay IMS for its equipment" after

5

the Acquisition. Id. ¶ 29. "Bullerdick and BGSE had to use the good credit of IMS to purchase raw products required for manufacturing because vendors refused to extend credit to BGSE." Id. ¶ 30. "When Bryan Henry reported these vendor complaints to Bullerdick, Bullerdick unilaterally changed the organizational structure of BGSE, . . . began a pattern of verbally abusing Bryan Henry and creating a hostile work environment, . . . terminated Bryan Henry's position as General Manager . . . without cause" all in violation of the Employment Agreement reached. Id. ¶¶ 31-33. Underlying Plaintiffs requested a preliminary and permanent injunction restraining Bullerdick and BGSE from using IMS's intellectual property, and damages including exemplary and punitive damages, pre- and post-judgment interest, attorney's fees and costs, and equitable and statutory liens on personal and real property owned by Bullerdick, BGSE, and Luckey in West Virginia.

**B. The Complaint for Declaratory Judgment [1:22CV40, ECF No. 1]**

On May 9, 2022, CIC filed a complaint for declaratory judgment and requested "the Court declare the rights and responsibilities of the parties relative to a contract of insurance issued by CIC to BGSE." 1:22cv40, ECF No. 1, Compl. There is one liability policy at issue: Commercial General Liability Policy No. 05ENP0467016 from CIC to BGSE for the period of December 14, 2017 through

**MEMORANDUM OPINION AND ORDER**

December 14, 2020 ("the Policy"). Id. ¶ 13. "The Policy's limits of insurance for Commercial General Liability were $1,000,000.00 per occurrence (Coverage A – Bodily Injury and Property Damage Liability), $1,000,000.00 per one person or organization (Coverage B – Personal and Advertising Injury Liability), and $2,000,000.00 general aggregate. The Policy included umbrella coverage with additional limits of $5,000,000.00." Id. ¶ 14.

IMS, Bryan Henry, and NOVA 1, the Underlying Plaintiffs, responded to CIC's requests for admission on September 28, 2022. ECF No. 36-4, Ex. 4, Responses to Requests for Admission ("RRFA"). Notably, Underlying Plaintiffs admitted to all 18 requests made by CIC, confirming the causes of action against BGSE Defendants pleaded in the Underlying Lawsuit. RRFA ¶¶ 1-18.

### III. LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material

7

fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party must "make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." Id. at 317-18. Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The Court views the evidence in the light most favorable to the non-moving party and draws any reasonable inferences in the non-moving party's favor. See Fed. R. Civ. P. 56(a); see Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). If the nonmovant fails to respond to a motion for summary judgment, "the district court [must] thoroughly analyze[] the motion, as it [is] obligated to do." Maryland v. Univ. Elections, Inc., 729 F.3d 370, 380 (4th Cir. 2013) (citing Robinson v. Wix Filtration Corp., 599 F.3d 403, 409 n.8 (4th Cir. 2010) ("[I]n considering a motion for summary judgment, the district court '*must* review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'")). Of course, a motion for summary judgment being unopposed

may make certain facts in the record uncontroverted, and the Court is obliged to treat them as such. Id.

### IV.   APPLICABLE LAW

The Declaratory Judgment Act authorizes district courts to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. In the Fourth Circuit, "a declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (citing Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937) (internal citation omitted)).

"Where such a question involves an aspect of policy *coverage,* rather than *liability,* it is treated as a contract question for purposes of conflicts analysis." Lee v. Saliga, 373 S.E.2d 345, 349 (W. Va. 1988) (emphasis in original). "'The law of the state in which a contract is made and to be performed governs the construction of a contract when it is involved in litigation in the courts of this state'." Id. at 350 (quoting Syl. Pt. 2, Gen. Elec. Co. v. Keyser, 275 S.E.2d 289

(1981)). The insurance contract at issue was made in North Carolina through a North Carolina insurance agency. Over no objection by any party, CIC submits that the substantive law of North Carolina governs the interpretation and application of the insurance policy at issue. This Court, finding no reason to dispute this, will apply the substantive law of the state of North Carolina.

"A duty to defend exists if the policy so provides." New NGC, Inc. v. Ace Am. Ins. Co., 105 F.Supp.3d 552, 560 (W.D.N.C. 2015) (citing Brown v. Lumbermens Mut. Cas. Co., 390 S.E.2d 150, 152 (N.C. 1990)). North Carolina insurance contract law requires the "'comparison test' to determine whether an insurer is required to defend its insured. Under this test, the policy and the complaint are read side-by-side to decide whether the events as alleged are covered or excluded." Id. (citation omitted). "[T]he facts as alleged in the complaint are to be taken as true. . . . If the insurance policy provides coverage for the facts as alleged, then the insurer has a duty to defend." Kubit v. MAG Mut. Ins. Co., 708 S.E.2d 138, 144 (N.C. 2011) (cleaned up). "Conversely, when the pleadings allege facts indicating that the event in question is not covered, and the insurer has no knowledge that the facts are otherwise, then it is not bound to defend." Waste Mgmt. of

Carolinas, Inc. v. Peerless Ins. Co., 340 S.E.2d 374, 377 (N.C. 1986).

## V. DISCUSSION

CIC requests both declaratory judgment and summary judgment against BGSE Group, LLC, Bryan Bullerdick, and Luckey Enterprises, LLC, ("BGSE Defendants"). Specifically, CIC moves for summary judgment and seeks a declaration from this Court that it has no duty to defend or indemnify BGSE and Bullerdick in the Underlying Lawsuit. ECF Nos. 36, 37.

First, it is undisputed that Luckey Enterprises, LLC, is not insured under the policy. ECF No. 36-3, Ex. 3, RRFA 2 ("It is admitted that the named insured reflected in the Common Policy Declarations is BGSE Group, LLC, not Luckey Enterprises, LLC. BGSE does not contend that Luckey Enterprises, LLC is an insured under the policy."). Therefore, it is uncontested that CIC does not owe Luckey Enterprises, LLC, a duty of defense in the Underlying Lawsuit.

Second, the BGSE Defendants, in their answer to the complaint for declaratory judgment, stated that "the allegations in the Underlying Complaint are within the coverage provided by Coverage B, not Coverage A, of the insurance policy." ECF No. 11, ¶ 45. Therefore, the Court's analysis is narrowed to determine only

11

whether Coverage B covers BGSE and Bullerdick from the allegations in the Underlying Complaint.

The Commercial General Liability Policy No. 05ENP0467016 ("CGL") for the period of December 14, 2017 through December 14, 2020 was issued by CIC to "BGSE Group LLC, Bullerdick GSE LLC." ECF No. 36-2, Ex. 2. Coverage B explains personal and advertising injury liability insurance coverage. Id. at GA 101 12 04, 7-10.

### 1. BGSE Defendants Enjoy No Applicable Coverage Under "Coverage B: Personal and Advertising Injury Liability"

The pertinent policy language and exclusions for Coverage B is as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

. . .

SECTION I – COVERAGES

. . .

> COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY.
>
> 1. Insuring Agreement
>
>> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend

> the insured against any "suit" seeking damages for "personal and advertising injury" which this insurance does not apply.
>
> . . .
>
> 2. Exclusions
>
> This insurance does not apply to:
>
> > a. Knowing Violation of Rights of Another
> >
> > "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".
> >
> > b. Material Published With Knowledge of Falsity
> >
> > "Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

<u>Id.</u> at GA 101 12 04, 8. The following definitions apply:

> SECTION V – DEFINITIONS
>
> . . .
>
> > 17. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
> >
> > > a. False arrest, detention or imprisonment;

>> b. Malicious prosecution;
>
>> c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
>
>> d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's organization's goods, products or services;
>
>> e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
>
>> f. The use of another's advertising idea in your "advertisement"; or
>
>> g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

<u>Id.</u> at GA 101 12 04, 19.

Underlying Plaintiffs allege BGSE Defendants breached various agreements by failing to pay certain bills and employees, terminating Bryan Henry in bad faith, defaming Bryan Henry and IMS to third parties, misappropriating certain intellectual property of IMS, converting certain property, and formulating a "scheme to fraudulently induce Bryan Henry and IMS to sell its manufacturing division for AGSE." 1:22CV12, ECF No. 4, Compl. ¶ 28. Indeed, it

14

alleges Bullerdick, an insured, knew the statements were false and defamatory yet "published [them] with the intent to injure Bryan Henry's and IMS's integrity, honesty and reputation, and to subject them to public ridicule or contempt." Id. ¶ 80. Because these allegations fall under the policy exclusion of Knowing Violation of Rights of Another and Material Published with Knowledge of Falsity, i.e. that "[the insured made] or directed the making of an[] injurious statement[] about [Underlying Plaintiff] with knowledge of [its] falsity," CIC is not required to defend and BGSE Defendants are precluded from coverage. See Univ. Ins. Co. v. Burton Farm Dev. Co., LLC, 718 S.E.2d 665, 670 (N.C. 2011). To be sure, IMS answered discovery requests about these allegations against BGSE Defendants. ECF No. 36-4, Ex. 4, RRFA. IMS admitted that it "allege[s] in the Underlying Action that Bryan Bullerdick made defamatory statements with the intent to injure the reputation of Bryan Henry and IMS[]" and "contend[s] that the defamatory statements made by Bryan Bullerdick . . . were known to be false at the time those statements were made." RRFA ¶¶ 13-14. Therefore, by definition, the policy does not apply and coverage is explicitly precluded. Because this exclusion applies, CIC likewise has no duty to defend under the Umbrella Policy. Because there remains no genuine dispute of material fact and CIC is entitled to judgment

as a matter of law, the Court **GRANTS** it summary judgment. Fed. R. Civ. P. 56.

## VI. CONCLUSION

For these reasons, the Court concludes that under the plain and unambiguous terms of the policy and allegations made in the Underlying Lawsuit, CIC is not required to defend or indemnify BGSE Defendants. Accordingly, the Court **GRANTS** CIC's motion for summary judgment [ECF No. 36] and **DECLARES** that it has no duty to no duty to defend or indemnify BGSE Group, LLC, Bryan Bullerdick, and Luckey Enterprises, LLC, in the Underlying Lawsuit. Pursuant to Federal Rule of Civil Procedure 54(b), and finding no just reason for a delay of the appeal of this Order, the Court **DIRECTS** entry of a final judgment in favor of Cincinnati Insurance Company. This case is **DISMISSED WITH PREJUDICE** and the Court **DIRECTS** the Clerk to **STRIKE** the matter from the Court's active docket.

It is so **ORDERED.**

Pursuant to Rule 54(b), the Court **DIRECTS** the Clerk to enter a separate judgment order. It further **DIRECTS** the Clerk to transmit copies of this Memorandum Opinion and Order and the judgment order to counsel of record and all pro se parties by certified mail, return receipt requested.

**Cincinnati Insurance Company v. BGSE Group, LLC, et al. 1:22cv40**

**MEMORANDUM OPINION AND ORDER**

**DATED:** September 28, 2023

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA